FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ AUG 20 2009 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------x

HACHIM MONDESIR, ALAIN MONDESIR,
JASON ALCIDE and KEVIN CASTOR,

09          3624

                                    Plaintiffs,

COMPLAINT

            -against-

THE CITY OF NEW YORK, POLICE OFFICER
CHRIS MADISON, TAX REG. NO. 935224,
POLICE OFFICER "JOHN" CUCHIERA, WHOSE
FIRST NAME AND BADGE NUMBER ARE
PRESENTLY UNKNOWN, and POLICE OFFICERS
"JOHN DOES 1-3", WHOSE NAMES AND BADGE
NUMBERS ARE PRESENTLY UNKNOWN,

PLAINTIFF DEMANDS
TRIAL BY JURY

MAUSKOPF, J.

                                    Defendants.

J. ORENSTEIN, M.J.

----------------------------------------------------------------x

### INTRODUCTORY STATEMENT

1.      The plaintiffs, HACHIM MONDESIR, ALAIN MONDESIR, JASON ALCIDE and KEVIN CASTOR, bring this action under 42 U.S.C. Sec. 1983 and related state laws seeking declaratory relief, compensatory and punitive damages, and attorney's fees under 42 U.S.C. Sec. 1988 for the defendants' violation of their rights afforded by the United States Constitution and under the laws of the State of New York.

2.      Defendants, New York City Police Officers Chris Madison, "John" Cuchiera and "John Does 1-3" arrested the plaintiffs without just and probable cause which caused them to be detained for over 40 hours.

## JURISDICTION

3.    The court has jurisdiction over plaintiffs' claim under 42 U.S.C. 1983 pursuant to 28 U.S.C. Sec.1331 and Sec 1343(3).

4.    The Court has supplemental jurisdiction over plaintiffs' state law claims pursuant to 28 U.S.C. Sec. 1331 and Sec. 1343(3).

5.    That prior to the commencement of this action, and within ninety (90) days of the occurrence herein, plaintiffs served a notice of claim in writing, upon the defendant, the City of New York, in accordance with Section 50(e) of the General Municipal Law.

6.    That more than thirty (30) days passed between the service of plaintiffs' notice of claim and the commencement of this action, and during such period of more than thirty (30) days the defendant City of New York neglected and refused to pay said claim or adjust same.

7.    This action was commenced within one year and ninety days of the occurrence complained of herein that gave rise to plaintiffs' injuries, and plaintiffs have complied with all of the prerequisites for bringing this action.

## PARTIES

8.    The plaintiffs are legal residents of the United States and residents of the State of New York.

9.    Defendants Madison, "John" Cuchiera (whose first name and badge number are presently unknown) and "John Does 1-3", whose names and badge numbers are currently

2

unknown, sued herein in both their official and individual capacities, are currently and were, at all times hereafter mentioned, employed by the City of New York as New York City Police Officers. At all times relevant to this action, defendants Madison, Cuchiera and "John Does 1-3", upon information and belief, were stationed out of the 70th Precinct of the New York City Police Department.

10.     At all times relevant to this action, defendants Madison, Cuchiera and "John Does 1-3" were assigned to work, and in fact did work, as police officers at the 70th Precinct in Kings County on December 6, 2008.

11.     Defendant, the City of New York, is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and as such is responsible for the practices, policies, and customs of the New York City Police Department, as well as the hiring screening, training, supervising, controlling and disciplining of those persons employed by the New York City Police Department.

12.     That this action falls within one or more the exceptions set forth in CPLR 1602.

<u>FACTUAL ALLEGATIONS</u>

13.     On or about December 6, 2008 at approximately 2:00 A.M., plaintiffs were lawfully in premises known as 1212 Flatbush Avenue, in the County of Kings, in the City and State of New York.

14.     Defendants Madison, Cuchiera and "John Does 1-3" unlawfully and forcibly entered the aforesaid premises and placed the plaintiffs herein under arrest.

3

15.    The plaintiff Hachim Mondesir was taken to  the 70th Precinct, and subsequently to Central Booking in Kings County, City and State of New York.   The plaintiff Hachim Mondesir was released from custody prior to arraignment on December 7, 2008 at approximately 8:30 P.M.

16.    The plaintiff Alain Mondesir was taken to  the 70th Precinct, and subsequently to Central Booking in Kings County, City and State of New York.   The plaintiff Alan Mondesir was released from custody prior to arraignment on December 7, 2008 at approximately 8:30 P.M.

17.    The plaintiff Jason Alcide was taken to  the 70th Precinct, and subsequently to Central Booking in Kings County, City and State of New York.   The plaintiff Jacon Alcide was released from custody prior to arraignment on December 7, 2008 at approximately 8:30 P.M.

18.    The plaintiff Kevin Castor was taken to  the 70th Precinct, and subsequently to Central Booking in Kings County, City and State of New York.   The plaintiff Kevin Castor was arraigned on a charge of Possession of Marijuana.  The charge was dismissed by order of a Judge of the Brooklyn Criminal Court, and plaintiff was released from custody at approximately 11 P.M. on December 8, 2008.

19.    The plaintiffs  did not commit any crimes. The defendants' actions were willful, outrageous, unjustified and not predicated on probable cause.

## AS AND FOR A FIRST CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF HACHIM MONDESIR

20.    As a direct and proximate result of defendants' actions on December 6, 2008 plaintiff was falsely arrested and detained without just and probable cause and without a warrant.

21.    The actions of the defendants were without any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

22.    As a direct and proximate result of defendants' actions, plaintiff was deprived of rights, privileges and immunities secured to him under the Constitution and the laws of the United States including, but not limited to his rights under the Fourth and Fourteenth Amendments and 42 U.S.C. Sec. 1983 to be secure in his person, to be free from false arrest without due process, and to equal protection of the laws.

23.    Defendants' actions caused plaintiff to be deprived of his liberty, suffered great emotional pain and suffering and was subjected to ridicule, scorn and humiliation by those observing and/or knowing of his detention.

24.    As a result of the foregoing, the plaintiff seeks compensatory damages from all defendants as well as punitive damages from all the individual defendants.

## AS AND FOR A SECOND CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF HACHIM MONDESIR

25.    Plaintiff repeats and realleges paragraphs 1-24, as if fully set forth herein.

26.    As a direct and proximate result of defendants' actions on December 6, 2008, the plaintiff was falsely arrested and detained without just and probable cause and without a warrant.

5

27.    The false arrest of the plaintiff was without any legitimate cause or justification, was intentional, malicious, reckless, in bad faith, and in violation of the laws of the State of New York..

28.    Defendants' actions caused plaintiff to be deprived of his liberty, suffered great emotional pain and suffering and was subjected to ridicule, scorn and humiliation by those observing and/or knowing of his detention.

29.    As a result of the foregoing, the plaintiff seeks compensatory damages from all defendants as well as punitive damages from all the individual defendants.

AS AND FOR A THIRD CAUSE OF ACTION<br>ON BEHALF OF PLAINTIFF HACHIM MONDESIR

30.    Plaintiff repeats and realleges paragraphs 1-29 as if fully set forth herein.

31.    That the defendant, the City of New York, was careless and reckless in hiring, retaining and training its employees; in that the defendant's employees lacked the experience, deportment and ability to be employed by the defendant; in that the defendants failed to exercise due care and caution in its hiring practices.

32.    That the defendant, its agents, servants and employees negligently, carelessly and recklessly failed to properly train and supervise their employees, in that they failed to train their employees to act as reasonably, prudent police officers; failed to give them proper instruction as to their deportment, behavior and conduct as representatives of their employers; and, in that the defendant, its agents, servants and employees were otherwise reckless, careless and negligent.

6

33.   Defendant's actions caused plaintiff to be subjected to emotional pain and suffering, and he was subjected to ridicule.

34.   As a result of the foregoing, the plaintiff seeks compensatory damages from the City of New York in the amount of Five Million ($5,000,000.00) Dollars.

## AS AND FOR A FOURTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF ALAIN MONDESIR

35.   Plaintiff repeats and realleges paragraphs 1-34, as if fully set forth herein.

36.   As a direct and proximate result of defendants' actions plaintiff was falsely arrested and detained without just and probable cause and without a warrant.

37.   The actions of the defendants were without any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

38.   As a direct and proximate result of defendants' actions, plaintiff was deprived of rights, privileges and immunities secured to him under the Constitution and the laws of the United States including, but not limited to his rights under the Fourth and Fourteenth Amendments and 42 U.S.C. Sec. 1983 to be secure in his person, to be free from false arrest without due process, and to equal protection of the laws.

39.   Defendants' actions caused plaintiff to be deprived of his liberty, suffered great emotional pain and suffering and was subjected to ridicule, scorn and humiliation by those observing and/or knowing of his detention.

40.   As a result of the foregoing, the plaintiff seeks compensatory damages from all defendants as well as punitive damages from all the individual defendants.

7

## AS AND FOR A FIFTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF ALAIN MONDESIR

41.   Plaintiff repeats and realleges paragraphs 1-40, as if fully set forth herein.

42.   As a direct and proximate result of defendants' actions on December 6, 2008, the plaintiff was falsely arrested and detained without just and probable cause and without a warrant.

43.   The false arrest of the plaintiff was without any legitimate cause or justification, was intentional, malicious, reckless, in bad faith, and in violation of the laws of the State of New York..

44.   Defendants' actions caused plaintiff to be deprived of his liberty, suffered great pain and suffering and was subjected to ridicule, scorn and humiliation by those observing and/or knowing of his detention.

45.   As a result of the foregoing, the plaintiff seeks compensatory damages from all defendants as well as punitive damages from all the individual defendants.

## AS AND FOR A SIXTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF ALAIN MONDESIR

46.   Plaintiff repeats and realleges paragraphs 1-46 as if fully set forth herein.

47.   That the defendant, the City of New York, was careless and reckless in hiring, retaining and training its employees; in that the defendant's employees lacked the experience, deportment and ability to be employed by the defendant; in that the defendants failed to exercise due care and caution in its hiring practices.

8

48.    That the defendant, its agents, servants and employees negligently, carelessly and recklessly failed to properly train and supervise their employees, in that they failed to train their employees to act as reasonably, prudent police officers; failed to give them proper instruction as to their deportment, behavior and conduct as representatives of their employers; and, in that the defendant, its agents, servants and employees were otherwise reckless, careless and negligent.

49.    Defendant's actions caused plaintiff to suffer  great emotional pain and suffering and he was subjected to ridicule.

50.    As a result of the foregoing, the plaintiff seeks compensatory damages from the City of New York in the amount of Five  Million ($5,000,000.00) Dollars.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF JASON ALCIDE

51.    Plaintiff repeats and realleges paragraphs 1-50, as if fully set forth herein.

52.    As a direct and proximate result of defendants' actions  plaintiff was falsely arrested and detained without just and probable cause and without a warrant, and maliciously prosecuted without legal cause or justification

53.    The actions of the defendants were without any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

54.    As a direct and proximate result of defendants' actions, plaintiff was deprived of rights, privileges and immunities secured to him under the Constitution and the laws of the United States including, but not limited to his rights under the Fourth and Fourteenth

9

Amendments and 42 U.S.C. Sec. 1983 to be secure in his person, to be free from false arrest without due process, and to equal protection of the laws.

55.     Defendants' actions caused plaintiff to be deprived of his liberty, suffered great pain and suffering and was subjected to ridicule, scorn and humiliation by those observing and/or knowing of his detention.

56.     As a result of the foregoing, the plaintiff seeks compensatory damages from all defendants as well as punitive damages from all the individual defendants.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF JASON ALCIDE

57.     Plaintiff repeats and realleges paragraphs 1-56, as if fully set forth herein.

58.     As a direct and proximate result of defendants' actions on December 6, 2008, the plaintiff was falsely arrested and detained without just and probable cause and without a warrant.

59.     The false arrest of the plaintiff was without any legitimate cause or justification, was intentional, malicious, reckless, in bad faith, and in violation of the laws of the State of New York..

60.     Defendants' actions caused plaintiff to be deprived of his liberty, suffered great emotional pain and suffering and was subjected to ridicule, scorn and humiliation by those observing and/or knowing of his detention.

61.     As a result of the foregoing, the plaintiff seeks compensatory damages from all defendants as well as punitive damages from all the individual defendants.

10

## AS AND FOR A NINTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF JASON ALCIDE

62.     Plaintiff repeats and realleges paragraphs 1-61 as if fully set forth herein.

63.     That the defendant, the City of New York, was careless and reckless in hiring, retaining and training its employees; in that the defendant's employees lacked the experience, deportment and ability to be employed by the defendant; in that the defendants failed to exercise due care and caution in its hiring practices.

64.     That the defendant, its agents, servants and employees negligently, carelessly and recklessly failed to properly train and supervise their employees, in that they failed to train their employees to act as reasonably, prudent police officers; failed to give them proper instruction as to their deportment, behavior and conduct as representatives of their employers; and, in that the defendant, its agents, servants and employees were otherwise reckless, careless and negligent.

65.     Defendant's actions caused plaintiff to   suffer  great emotional pain and suffering and he was subjected to ridicule.

66.     As a result of the foregoing, the plaintiff seeks compensatory damages from the City of New York in the amount of Five  Million ($5,000,000.00) Dollars.

## AS AND FOR A TENTH  CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF KEVIN CASTOR

67.     Plaintiff repeats and realleges paragraphs 1-66, as if fully set forth herein.

68.     As a direct and proximate result of defendants' actions  plaintiff was falsely

11

arrested and detained without just and probable cause and without a warrant, and maliciously prosecuted without legal cause or justification

69.    The actions of the defendants were without any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

70.    As a direct and proximate result of defendants' actions, plaintiff was deprived of rights, privileges and immunities secured to him under the Constitution and the laws of the United States including, but not limited to his rights under the Fourth and Fourteenth Amendments and 42 U.S.C. Sec. 1983 to be secure in his person, to be free from false arrest without due process, and to equal protection of the laws.

71.    Defendants' actions caused plaintiff to be deprived of his liberty, suffered great pain and suffering and was subjected to ridicule, scorn and humiliation by those observing and/or knowing of his detention.

72.    As a result of the foregoing, the plaintiff seeks compensatory damages from all defendants as well as punitive damages from all the individual defendants.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF KEVIN CASTOR

73.    Plaintiff repeats and realleges paragraphs 1-72, as if fully set forth herein.

74.    As a direct and proximate result of defendants' actions on December 6, 2008, the plaintiff was falsely arrested and detained without just and probable cause and without a warrant.

75.    The false arrest of the plaintiff was without any legitimate cause or

justification, was intentional, malicious, reckless, in bad faith, and in violation of the laws of the State of New York..

76.    Defendants' actions caused plaintiff to be deprived of his liberty, suffered great emotional pain and suffering and was subjected to ridicule, scorn and humiliation by those observing and/or knowing of his detention.

77.    As a result of the foregoing, the plaintiff seeks compensatory damages from all defendants as well as punitive damages from all the individual defendants.

## AS AND FOR A TWELFTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF KEVIN CASTOR

78.    Plaintiff repeats and realleges paragraphs 1-77 as if fully set forth herein.

79.    That the defendant, the City of New York, was careless and reckless in hiring, retaining and training its employees; in that the defendant's employees lacked the experience, deportment and ability to be employed by the defendant; in that the defendants failed to exercise due care and caution in its hiring practices.

80.    That the defendant, its agents, servants and employees negligently, carelessly and recklessly failed to properly train and supervise their employees, in that they failed to train their employees to act as reasonably, prudent police officers; failed to give them proper instruction as to their deportment, behavior and conduct as representatives of their employers; and, in that the defendant, its agents, servants and employees were otherwise reckless, careless and negligent.

81.    Defendant's actions caused plaintiff to suffer great emotional pain and

13

suffering and he was subjected to ridicule.

82.    As a result of the foregoing, the plaintiff seeks compensatory damages from the City of New York in the amount of Five  Million ($5,000,000.00) Dollars.

## JURY DEMAND

83.    The plaintiffs respectfully demand that this proceeding be tried by a jury.

WHEREFORE, plaintiffs, individually and severally,  pray for the following relief:

1)        For declaratory judgments under 28 U.S.C.  Sec. 2201 declaring that the defendants, separately and in concert, violated the plaintiffs' constitutional rights; and

2)        For compensatory damages against all defendants; and

3)         For punitive damages  against defendants Madison, Cuchiera  and "John Does"; and

4)        For attorney's fees and costs pursuant to 42 U.S.C. Sec. 1988; and

5)        For other relief as is just and proper.

Dated:  Brooklyn, New York
         August 10              , 2009


_____
EDWARD FRIEDMAN, ESQ.
EDF-4000
Attorney for Plaintiffs
26 Court Street - Suite 1903
Brooklyn, New York 11242
(718) 852-8849

14

Docket No.:

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

HACHIM MONDESIR, ALAIN MONDESIR,
JASON ALCIDE and KEVIN CASTOR,

                                   Plaintiffs,

            -against-

THE CITY OF NEW YORK, etc., et al.,

                                   Defendants

SUMMONS AND COMPLAINT

**EDWARD FRIEDMAN**
**Attorney for Plaintiffs**
**26 Court Street - Suite 1903**
**Brooklyn, New York  11242**
**Tel:  (718) 852-8849**

To:

_____
       Attorney(s) for

Service of a copy of the within is hereby admitted:
Dated:

                 _____
                    Attorney(s) for

**PLEASE TAKE NOTICE:**
        That the within is a (certified) true copy of            entered in the Office of the Clerk
of the within named Court on                           , 2009
Dated:  Brooklyn, New York
                           , 2008
        That an Order of which the within is a true copy will be presented for settlement to the Hon.
                     one of the Referees of the within named Court, at, New
York, on                      at 9:30 A.M.
Dated:

                **EDWARD FRIEDMAN**
                **Attorney for Plaintiffs**
                **26 Court Street  -  Suite 1903**
                **Brooklyn, New York  11242**

To: